UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER SMITH,

      Petitioner,                                       CV NO. 08-11662
                                                CR NO. 06-20529-01

v                                              HON. JOHN CORBETT O'MEARA

UNITED STATES OF AMERICA

      Respondent.
_____

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET
ASIDE, OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. § 2255**

      Before the court is Petitioner Christopher Smith's motion to vacate, set aside, or correct

his sentence. The motion was made pursuant to 28 U.S.C. § 2255 on April 11, 2008. For the

reasons stated below, the court denies Defendant Smith's motion.

**FACTUAL BACKGROUND**

      The motion stems from Smith's July 1, 2006 arrest in Detroit for speeding. During the

traffic stop, police found in plain view a 9mm pistol lying on the driver side floor of Smith's

automobile. In October 2006, Smith was indicted for felon in possession of a firearm, pursuant

to 18 U.S.C. § 922(g)(1). Two months later in December 2006, Smith pled guilty and was

sentenced to 64 months in prison.

      Smith did not appeal the sentence, however he now comes to this court through a section

2255 motion to vacate his sentence. He argues that the court erred by giving him an additional

criminal history point for his 1993 drug trafficking conviction. The Presentence Investigation

Report (which was found to be accurate by the court at the sentencing) did not do that.

Somewhat inexplicably, the government concedes the criminal history point. The government opines that the non-existant point was erroneously assessed because Smith was terminated from lifetime probation for the 1993 offense. Not so. Rather, the Criminal History calculation was increased by two points because Smith committed the sentencing crime while serving a two-year term of probation imposed in May 2006 as part of a sentence for another crime.

In all, Smith's convictions earned him five criminal history points. Pursuant to U.S.S.G. § 4A1.1(d), two additional points were added because the defendant committed the offense of sentencing while on probation imposed by the 46th District Court in Southfield, Michigan. This brought Smith's criminal history points to seven, which made him a Criminal History Category IV offender. As such, he was sentenced within the applicable guidelines imprisonment range of 57-71 months.

The ineffective assistance of counsel argument becomes moot.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to vacate, set aside, or correct his sentence is denied. The record is clear that the Presentence Report was correctly calculated. As such, Petitioner's claim that he received ineffective assistance of counsel is moot and is therefore denied.

**SO ORDERED**.


s/John Corbett O'Meara
United States District Judge


Date: September 26, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 26, 2008, by electronic and/or ordinary mail.

<u>sWilliam Barkholz</u>
Case Manager